■   In the Matter of TOWN HALL, INC., Respondent, v. TAX COMMISSION OF THE CITY OF NEW YORK, Appellant.— Order entered on May 13, 1959 granting exemption from real estate taxation to the petitioner's real property, unani-

mously reversed, on the law and the facts, and assessment reinstated, with $20 costs and disbursements to appellant. In order for the petitioner to obtain exemption for the premises occupied by the New York University Club it would be obliged to show first, that the club was " organized exclusively for  *  *  * educational  *  *  * purposes" and second, that the premises were " used exclusively for carrying out thereupon  *  *  * such purposes " (Tax Law, § 4, subd. 6, now Real Property Tax Law, § 420, subd. 1). The certificate of incorporation of the club does seem to be sufficient to comply with the first condition (see *People ex rel. Untermyer* v. *MacGregor*, 295 N .Y. 237; *Matter of De Peyster*, 210 N. Y. 216). However, the evidence fails to show that the second requisite was complied with, i.e., that the premises were used exclusively for educational purposes. In reaching this conclusion we are mindful that the use of the premises for other than educational purposes does not in and of itself bar exemption where such use is merely incidental to the primary educational purposes (see *Matter of Pace Coll.* v. *Boyland*, 4 N Y 2d 528). However, the noneducational use made of these premises was not an incidental one. To the contrary, the exhibits which detailed the record of events held in the club make it manifestly clear that such use was the dominant one and that the use for educational purposes was merely incidental. Accordingly, there should be no exemption, Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.